Filed 9/21/20  P. v. Suknaich CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAMES SUKNAICH,<br><br>    Defendant and Appellant. | G057828<br><br>(Super. Ct. No. 03WF0232)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Gary S. Paer, Judge.  Reversed and remanded.  Request for judicial notice granted.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Todd Spitzer, District Attorney, and Seton B. Hunt, Deputy District Attorney, for Plaintiff and Respondent.

Xavier Becerra, Attorney General, Thomas S. Patterson, Assistant Attorney General, Tamar Pachter and Nelson R. Richards, Deputy Attorneys General, as Amicus Curiae on behalf of Defendant and Appellant.

\*          \*          \*

This is an appeal from an order summarily denying defendant's petition to dismiss his murder conviction. (Pen. Code, § 1170.95.)[1] The trial court denied the petition because it found that the enabling legislation violates the California Constitution. (Senate Bill No. 1437 (2017-2018 Reg. Sess.); Senate Bill 1437.) We disagree.

Senate Bill 1437 did not *directly* amend any initiative statutes. Senate Bill 1437 also did not *indirectly* amend any initiative measures. We therefore reverse and remand so that defendant's section 1170.95 petition can be considered on its merits.

I

PROCEDURAL BACKGROUND

In 2005, a jury found defendant James Suknaich guilty of second degree murder. The trial court sentenced defendant to a state prison term of 15 years to life.

In 2019, defendant filed a section 1170.95 petition. Defendant averred, "I was convicted of 2nd degree murder in 2005" and "I could not now be convicted . . . because of changes to Penal Code section[s] 188 or 189, made effective January 1, 2019 . . . ." The prosecution argued "Senate Bill 1437 violates the California Constitution." In the alternative, the prosecution argued under section 1170.95, defendant "is statutorily ineligible."[2]

The trial court filed a statement of decision denying defendant's section 1170.95 petition. The court found "that Senate Bill 1437 is unconstitutional and cannot be enforced."

---

[1] Further undesignated statutory references are to the Penal Code.

[2] The "prosecution" is the Orange County District Attorney, who is the respondent on appeal (the Attorney General filed an amicus brief in support of defendant). We grant the prosecution's unopposed request for judicial notice of several relevant documents.

II

DISCUSSION

Every published opinion on this issue has held that Senate Bill 1437 did not violate the California Constitution.  (See, e.g., *People v. Lippert* (2020) 53 Cal.App.5th 304, 313-314; *People v. Nash* (2020) 52 Cal.App.5th 1041, 1053; *People v. Johns* (2020) 50 Cal.App.5th 46, 63; *People v. Lopez* (2020) 51 Cal.App.5th 589, 602; *People v. Prado* (2020) 49 Cal.App.5th 480, 483 (*Prado*); *People v. Solis* (2020) 46 Cal.App.5th 762, 769 (*Solis*); *People v. Cruz* (2020) 46 Cal.App.5th 740, 747; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 251; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 280.)  We adopt these holdings.  Therefore, this unpublished opinion will be in an abbreviated form.[3]

"To protect the people's initiative power, the Legislature is constitutionally prohibited from amending or repealing an *initiative statute* without the approval of the electorate (unless the initiative statute provides otherwise):  'The Legislature may amend or repeal an *initiative statute* by another statute that becomes effective only when approved by the electors unless the *initiative statute* permits amendment or repeal without the electors' approval.'"  (*Prado*, *supra*, 49 Cal.App.5th at p. 482.)  "For purposes of article II, section 10 of the California Constitution, legislation amends an initiative if it ""'change[s] an existing *initiative statute* by adding or taking from it some particular provision.'"""  (*Solis*, *supra*, 46 Cal.App.5th at p. 771, italics added.)

Senate Bill 1437 only "amended sections 188 and 189, which respectively define malice and the degrees of murder.  As amended, the two statutes substantially reduced the scope of an accomplice's liability for murder.  Senate Bill 1437 also enacted

---

[3] "The Courts of Appeal should dispose of causes that raise no substantial issues of law or fact by memorandum or *other abbreviated form of opinion.*  Such causes could include: [¶]]  . . . [¶]  (2) An appeal that is determined by a controlling decision which does not require a reexamination or restatement of its principles or rules . . . ."  (Cal. Stds. Jud. Admin., § 8.1, italics added.)

section 1170.95, which allows eligible persons convicted of murder to petition for relief." (*Prado*, *supra*, 49 Cal.App.5th at p. 482.)

"Section 188 was enacted by the Legislature in 1872. The Legislature has since amended the statute a few times, but the electorate has never amended section 188. The electorate has also never repealed and reenacted section 188. (See Gov. Code, § 9605 . . . .) Therefore, section 188 was from its enactment—and remains—a legislative statute." (*Prado*, *supra*, 49 Cal.App.5th at p. 490.)

"Section 189 was also enacted by the Legislature in 1872. The Legislature has since amended the statute several times, but the electorate has amended section 189 only once. In 1990, the electorate approved Proposition 115, which was a major reform in criminal law . . . . However, the amendment to section 189 was minor; the electorate added six 'predicate' offenses to the existing list that establishes liability for first degree felony murder. Notably, the electorate did not repeal and reenact section 189 in its amended form. . . . Therefore, section 189 was from its enactment—and remains—a legislative statute." (*Prado*, *supra*, 49 Cal.App.5th at pp. 490-491, fn. omitted.)

Thus, the Legislature did not violate the prohibition against amending or repealing an initiative statute without voter approval when it passed Senate Bill 1437 because sections 188 and 189 are not initiative statutes.

Although the Legislature *directly* amended only sections 188 and 189 through Senate Bill 1437, the prosecution argues that the Legislature *indirectly* amended Proposition 7 and Proposition 115 through Senate Bill 1437. We disagree.

"Proposition 7 provided greater *penalties* for those convicted of murder and increased the number of special circumstances that could form the basis of a sentence of death or life in prison without parole. In contrast, Senate Bill . . . 1437 changed the *elements* of murder by limiting the circumstances in which malice can be implied, thereby restricting the application of the felony-murder rule and the natural and probable

4

consequences doctrine.  Senate Bill . . . 1437 is neither inconsistent with Proposition 7, nor does it circumvent the electorate's intent."  (*Solis*, *supra*, 46 Cal.App.5th at p. 779.)

"Proposition 115 did not specifically authorize or prohibit restrictions on the application of the first degree felony-murder rule to accomplices, Senate Bill 1437 did not improperly amend Proposition 115 by adding such restrictions to felony murder in section 189."  (*People v. Cruz*, *supra*, 46 Cal.App.5th at p. 760.)

## III

## DISPOSITION

The trial court's order denying defendant's petition for resentencing is reversed.  The matter is remanded to the court for further proceedings on the merits of defendant's petition under section 1170.95.

MOORE, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.